UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KHALIL PATRICK,<br><br>Plaintiff,<br><br>v.<br><br>NEW JERSEY STATE PRISON,<br><br>Defendants. | Civil Action No. 18-17324 (FLW)<br><br>MEMORANDUM & ORDER |

This matter has been opened to the Court by Plaintiff's application to proceed *in forma pauperis*, ECF No. 31, in this removal action. It appearing that:

Plaintiff filed his Original Complaint on October 18, 2018, in the Superior Court of New Jersey, Mercer County. *See* ECF No.1-1. On or about December 18, 2020, Defendants New Jersey State Prison, New Jersey Department of Corrections, Lt. Bundy, Sgt. Adams, Sgt. Patoe, and SCO Mandap filed a notice to remove the State Court Action to the U.S. District Court for the District of New Jersey. ECF No. 1.

After seeking and receiving two extensions of time within which to answer, State Defendant filed a motion to dismiss on March 6, 2019. ECF Nos. 2-5. Plaintiff subsequently sought and received multiple extensions of time within which to submit his response to the motion to dismiss. *See* ECF Nos. 9-20. On November 19, 2020, the Magistrate Judge determined that extraordinary circumstances justified Plaintiff's request for additional time and granted Plaintiff a final opportunity to submit his response by December 6, 2020. ECF No. 19. The Court also administratively terminated the motion to dismiss for docket management purposes. *See* ECF No. 18.

1

On November 20, 2019, Plaintiff's motion for leave to file an amended complaint was docketed, along with a copy of the proposed amended complaint. *See* ECF No. 21. On the same date, Plaintiff submitted his response to the State Defendants' motion to dismiss. ECF No. 22. State Defendants did not respond to Plaintiff's motion to amend or file a reply to the motion to dismiss.

On June 23, 2020, the Court granted leave to amend, noting that the State Defendants did not oppose the motion to amend, and that this would be Plaintiff's first opportunity to amend his Complaint. As such, the Court directed the Clerk of the Court to file the Amended Complaint. ECF No. 21-1. The Court also denied the State's first motion to dismiss as moot because that motion was directed at the original Complaint. ECF No. 5. The Court required Defendants to file their answer or otherwise move to dismiss the Amended Complaint in compliance with Fed. R. Civ. P. 12. *Id.*

The Court also denied without prejudice Plaintiff's request that the Court direct any <u>unserved</u> Defendants to answer the Amended Complaint. *See id.* Instead, the Court directed the Clerk of the Court to send Plaintiff an application to proceed *in forma pauperis* ("IFP application"). The Court instructed Plaintiff to submit a complete IFP application, including a certified six-month account statement, if he sought the U.S. Marshal's assistance in serving the Amended Complaint on any unserved Defendants.[1]

Subsequently, on July 16, 2020, the served Defendants sought a 60-day extension of time to Answer the Complaint, which was granted by the Magistrate Judge.[2] ECF Nos. 26-27.

---

[1] The Court noted the State Defendants were free to waive service as to any additional Defendants the Attorney General intends to represent and file their Answer or motion to dismiss on behalf of those Defendants.

[2] In seeking the extension, the DAG noted that the Office was "engaged in the process of determining representation for the various individual defendants, and otherwise determining how

On August 26, 2020, Plaintiff sought an extension of time to file his IFP application and for service by the U.S. Marshals. ECF No. 29. On September 8, 2020, the Magistrate Judge granted the extension of time and administratively terminated this matter pending the submission of Plaintiff's IFP application. *See* ECF No. 30. Plaintiff subsequently submitted his IFP application, including a certified account statement, which was docketed on October 21, 2020. ECF No. 31. The Court has reviewed Plaintiff's submission and will grant the IFP application.

At this time, the Court also will direct the Clerk of the Court to restore this action to the active docket. Within 21 days of the date of this Order, the state shall notify the Magistrate Judge in writing as to whether it intends to waive service and represent any of the <u>unserved Defendants</u> named in the Amended Complaint. If the state intends to waive service as to some or all of the unserved Defendants, the state may also seek an appropriate extension of time to Answer or move to dismiss the Amended Complaint.[3] If the state does not intend to waive service as to any of the unserved Defendants, the state shall file its responsive pleading <u>as to the served Defendants</u> within 21 days of the date of this Order.

If the Defendants do not waive service as to all the unserved Defendants, Plaintiff, who has established he is indigent, may renew his request for U.S. Marshal service by submitting a written request to the Magistrate Judge.[4]

---

to move forward in this matter." ECF No. 26. On August 24, 2020, the State also provided the work addresses for ten of the Defendants, *id.* at 28, but it is unclear if these addresses are still current.

[3] If the state requires more time to determine whether it will waive service and represent some or all of the unserved Defendants, the state shall make that request in writing to the Magistrate Judge.

[4] Under the current procedures for service by the U.S. Marshals, the Clerk of the Court provides Plaintiff with a copies of the USM-285 forms, and Plaintiff must complete the USM-285 forms for each unserved Defendant and return them to the Clerk of Court. As such, Plaintiff would need to know the current address for each unserved Defendant, which may not be available to

3

**IT IS, THEREFORE**, on this 31st day of January 2023,

**ORDERED** this matter shall be marked as OPEN and restored to the active docket; and it is further

**ORDERED** that Plaintiff's IFP application is GRANTED; and it is further

**ORDERED** that within 21 days of the date of this Order, the state shall notify the Magistrate Judge as to whether the state intends to waive service and represent any of the <u>unserved Defendants</u> named in the Amended Complaint; and it is further

**ORDERED** that if the state intends to waive service as to some or all of the unserved Defendants, the state may also seek an appropriate extension of time with the Magistrate Judge in order to file the answer or move to dismiss the Amended Complaint; and it is further

**ORDERED** that if the state does not intend to waive service as to any of the unserved Defendants, the served Defendants shall file and serve a responsive pleading to the Amended Complaint within 21 days of the date of this Order; and it is further

**ORDERED** that if the Defendants do not waive service as to all of the unserved Defendants, Plaintiff, who has established he is indigent, may renew his request for Marshal service with the Magistrate Judge by submitting a written request; and it is further

**ORDERED** that the Clerk of the Court shall reassign this matter to an active District Judge in the Trenton Vicinage; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Order to Plaintiff at the address on file.

---

him because he is incarcerated and proceeding *pro se*. Moreover, if the state intends to waive service as to some or all of the unserved Defendants, there would be no need for service by the U.S. Marshals.

/s/ Freda L. Wolfson
Freda L. Wolfson
U.S. Chief District Judge