**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KHALIL PATRICK,<br><br>      Plaintiff,<br><br>v.<br><br>NEW JERSEY STATE PRISON, *et al.*,<br><br>      Defendants. | Civil No. 18-17324 (GC) (DEA)<br><br>**MEMORANDUM & ORDER** |

**CASTNER, District Judge**

This matter comes before the Court by way of Defendants' motion to dismiss Plaintiff Khalil Patrick's Amended Complaint for failure to state a claim for relief. (ECF No. 36.) At this time, the Court administratively terminates the motion to dismiss pending a response from the Attorney General regarding service issues and the need for supplemental briefing, and to provide Plaintiff with an opportunity to respond to the motion to dismiss.

The Attorney General for the State of New Jersey removed Plaintiff's original complaint from Mercer County Superior Court on December 18, 2018, on behalf of the New Jersey Department of Corrections ("NJDOC"), New Jersey State Prison ("NJSP"), and individual Defendants Lt. Bundy, Sgt. Adams, Sgt. Patoe, and SCO Mandap.[1] (*See* ECF No. 1, Notice of Removal at 1.)

---

[1] Deputy Attorney General Kai W. Marshall-Otto removed this matter on behalf of then-Attorney General Gurbir S. Grewel. (*See* Notice of Removal at 3.) There have been several substitutions of counsel since that time. (*See* ECF Nos. 25, 33.) Most recently, on November 29, 2023, Deputy Attorney General Adam Robert Gibbons entered an appearance on behalf of the current Attorney General Matthew J. Platkin. (*See* ECF No. 37.)

After the Attorney General moved to dismiss the original complaint, Plaintiff sought leave to submit an "amended supplemental" complaint. (ECF Nos. 5, 21.) The Court granted Plaintiff's motion on June 23, 2020, and directed the Clerk to file Plaintiff's Amended Complaint. (ECF No. 23.)

There are sixteen unserved individual Defendants named in the Amended Complaint, all of whom appear to be corrections officers or administrators at NJSP.[2] (*See generally* ECF No. 24, Amended Complaint at ¶¶ 4-23; *see also* ECF No. 1-1, Original Complaint at ¶¶ 1-11.)  In July 2020, the Deputy Attorney General represented to the Court that "the Office [of the Attorney General] was "engaged in the process of determining representation for the various individual defendants, and otherwise determining how to move forward in this matter." (*See* ECF No. 26.) On August 24, 2020, the Attorney General provided the work addresses for ten of the unserved Defendants.[3] (ECF No. 28.)

On September 8, 2020, the Magistrate Judge administratively terminated the matter and directed Plaintiff to file an application to proceed *in forma pauperis* ("IFP application") in order to obtain service. (ECF Nos. 29, 30). On January 31, 2023, the District Court granted Plaintiff's IFP application (ECF No. 31), and directed the Attorney General "to notify the Magistrate Judge

---

[2]  The Amended Complaint reasserts claims against Defendants Lt. Bundy, Sgt. Adams, Sgt. Patoe, and SCO Mandap but deletes NJDOC and NJSP from the caption. (*See* Amended Complaint at 1.) With respect to the unserved Defendants, Plaintiff names Gary Lanigan, Steven Johnson, Lt. Kennedy, and SCO Collins in the original Complaint and the Amended Complaint. (Original Complaint at ¶¶ 1-11.)  Plaintiff adds Lt. Clermont, Sgt. Mendoza, Sgt. Besley, Sgt. Goble, Sgt. Samsosuk, SCO Smalls, SCO Hampton, SCO Rodriguez, SCO Vaclavicek, SCO Esquiltin, SCO Goodwin, and SCO Jovanovich in his Amended Complaint. (Amended Complaint at ¶¶ 4-23.)  The individual Defendants are sued in their official and individual capacities. (Amended Complaint at 1.)

[3]  It is unclear if these addresses are still current. The Court will not direct the Attorney General to provide updated addresses until he clarifies whether he intends to waive service as to some or all of these Defendants.

in writing as to whether it intends to waive service and represent any of the unserved Defendants named in the Amended Complaint." (ECF No. 32.) On the same day, the matter was assigned to the undersigned.

The Attorney General did not respond to the Court's January 31, 2023 Order, but, on May 10, 2023, a newly assigned Deputy Attorney General sought an extension of time to file a motion to dismiss, which was granted by the Magistrate Judge. (ECF Nos. 34-35.) The Attorney General filed the motion to dismiss on May 24, 2023, on behalf of the served Defendants, but the motion to dismiss does not address the service issues. (*See* ECF No. 36.)

At this time, the Court administratively terminates the motion to dismiss (ECF No. 36) and directs the Attorney General to respond to the Court's January 31, 2023 Order and clarify whether it intends to waive service and represent some or all of the 16 unserved Defendants. The Attorney General shall submit that response in writing within 30 days. If the Attorney General waives service as to some or all of the unserved Defendants, the Court also provides leave to file a new motion to dismiss (or responsive pleading) within 60 days that addresses all relevant Defendants and claims.

If the Attorney General elects to file a new motion to dismiss, that new motion shall address the Third Circuit's recent decision in *Durham v. Kelley*, 82 F.4th 217 (3d Cir. 2023), which clarifies the standards for claims by prisoners under the American with Disabilities Act ("ADA") and Rehabilitation Act ("RA") and under the Eighth Amendment's deliberate indifference standard.

If the Attorney General declines to waive service as to any of the unserved Defendants, he shall notify the Court in writing and submit supplemental briefing within 30 days addressing

whether Plaintiff states a claim for relief under the ADA, RA, and/or the Eighth Amendment against any of the individual or entity Defendants he currently represents, in light of *Durham.*

To guide that analysis, the Court provides the following allegations from Plaintiff's Amended Complaint, which it construes liberally in light of Plaintiff's pro se status. Plaintiff alleges that he "was diagnosed with sever[e] knee degeneration and was prescribed heavy knee braces, which he must wear at all times while walking." (Am. Complaint at ¶ 25.) Plaintiff further alleges that each of the individual Defendants named in his Amended Complaint "were aware that Plaintiff was suffering from severe knee pain and/or needed his knee braces." (Amended Complaint at ¶ 24.) Plaintiff also alleges that each individual Defendant "refused to allow Plaintiff to wear his knee braces, which caused him to fall and be severely injured." (*Id.* at ¶ 154.)

On October 16, 2017, Plaintiff was ordered to report to a new housing unit and allegedly told Defendants Goble, Smalls, and Hampton that he needed his knee braces to walk because his knees were swollen and he was in pain. (*Id.* at ¶¶ 53-56.) These Defendants refused to allow Plaintiff to put on the knee braces even though they were aware he had a medical pass. (*Id.*)

Defendants "Bundy and Kennedy, through Defendant Adams"[4] then ordered Plaintiff to report to his new housing unit, Unit 4-Left. (*Id.* at ¶ 63.) Plaintiff told Adams that he had a medical pass requiring that he be given a lower bunk only and can only be housed on "the flats (bottom floor of a housing unit)". (*Id.* at ¶ 64.) Adams told Plaintiff that he must immediately proceed to his housing unit or he would be placed in prehearing detention ("PHD") and given an institutional charge for refusing to report to his housing unit. (*Id.* at ¶ 65.) Plaintiff then climbed the steep staircase to reach Unit 4-Left, but when he reached the top of the stairs, his knees locked up,

---

[4] Defendant Adams is allegedly the sister of the victim in Plaintiff's criminal case. (Amended Complaint at ¶ 60.)

causing him to fall down the stairs. (*Id.* at ¶ 66.) Plaintiff was injured, transported to the prison clinic by wheelchair, and treated for abrasions and pain. (*Id.* at ¶¶ 67-68.) The prison nurse informed staff that Plaintiff has a lower bunk order and a "flats only" housing assignment and should be moved to a cell that conforms to his medical order. (*Id.* at ¶ 69.) Plaintiff was subsequently relocated to Unit 4-Right. (*Id.* at ¶ 70.)

On January 21, 2018, Defendants Clermont, Patoe, and Vaclavicek forced Plaintiff to use a milk crate as a medical shower chair. (Amended Complaint at ¶ 79.) The milk crate collapsed, causing Plaintiff to fall face first on the shower floor and rendering him unconscious. (*Id.* at ¶ 80.) Plaintiff was treated for a concussion and other injuries. (*Id.* at ¶¶ 81-82.)

Finally, although the Court has terminated the motion to dismiss pending a response from the Attorney General, it notes that Plaintiff has not filed an opposition brief. Moving Defendants have provided a certificate of service (*see* ECF No. 36-3), and there is no indication that Plaintiff did not receive a copy of the motion to dismiss. After the Attorney General files the new motion to dismiss or supplemental briefing, Plaintiff shall submit an opposition brief within 30 days of receiving the same. If Plaintiff fails to do so, the Court may consider the motion to dismiss as unopposed.

**IT IS, THEREFORE**, on this 22nd day of December 2023,

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** the motion to dismiss pending at ECF No. 36, pending a response from the Attorney General; and it is further

**ORDERED** that within 30 days, the Attorney General shall respond in writing to the Court's January 31, 2023 Order and clarify whether it plans to waive service and represent any of the 16 unserved Defendants; and it is further

**ORDERED** that if the Attorney General intends to waive service as to some or all of the unserved Defendants, the Court also provides leave to file a new motion to dismiss addressing all relevant claims and Defendants within 60 days; the new motion to dismiss shall address whether Plaintiff states a claim for relief under the ADA, RA, and/or the Eighth Amendment against any of the relevant Defendants in light of *Durham v. Kelley*, 82 F.4th 217 (3d Cir. 2023); and it is further

**ORDERED** that if the Attorney General declines to waive service as to any of the unserved Defendants, he shall notify the Court in writing and submit supplemental briefing within 30 days addressing whether Plaintiff states a claim for relief under the ADA, RA, and/or the Eighth Amendment against any of the Defendants he currently represents in light of *Durham v. Kelley*, 82 F.4th 217 (3d Cir. 2023); and it is further; and it is further

**ORDERED** that the Attorney General shall serve copies of its new motion to dismiss or supplemental briefing on Plaintiff at the address on file; and it is further

**ORDERED** that upon receipt of the new motion to dismiss or supplemental briefing, Plaintiff shall submit an opposition brief within 30 days; Plaintiff's failure to do so may result in the Court considering the motion to dismiss as unopposed; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum & Order to Plaintiff at the address on file.

*Georgette Castner*
GEORGETTE CASTNER
United States District Judge